IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUNTER FAGGIONATO, on behalf of himself and all other similarly situated individuals, | : : : : | |
| Plaintiffs, | : : | Case No.: 3:23-cv-151 |
| v. | : : | Judge: |
| APPLEGREEN USA WELCOME CENTERS CENTRAL SERVICES LLC, | : : : | |
| Defendant. | : : | **JURY DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiff Hunter Faggioanto ("Named Plaintiff"), on behalf of himself and all current and former fast-food attendants who received tips (hereinafter "Named Plaintiff and the Putative Class Members") who worked for Applegreen USA Welcome Centers Central Services LLC ("Defendant") at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover compensation, unlawfully retained tips, liquidated damages, penalties, interest, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Named Plaintiff and the Putative Class Members seek all available relief under the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, O.R.C. § 2307.60, and under the Ohio common law for unjust enrichment.

Named Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his additional state-law claims are asserted as a class action under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others.

-- 1 --

**I. INTRODUCTION**

1. Named Plaintiff and the Putative Class Members seek to recover unpaid wages, unlawfully retained tips, and liquidated damages that Defendant owes to them and has failed to pay, in violation of 29 U.S.C. § 207 of the FLSA, the Ohio Laws, and the Ohio common law.

2. Accordingly, Named Plaintiff brings this action, on behalf of himself and all current and former non-exempt fast-food attendants who worked for Defendant at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover unpaid wages, unlawfully retained tips, and related damages.

3. Named Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4. Named Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA, and the Ohio claims pursuant to Fed. R. Civ. P. 23.

**II. JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' Ohio claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

7. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's conduct giving rise to Named Plaintiff's and the Putative Class Members' claims occurred within Sandusky County in this District.

### III.	THE PARTIES

8.	Plaintiff Faggionato is an adult resident of Clyde, Ohio residing at 2088 County Road 264, Clyde, Ohio 43410 (Sandusky County) and a current fast-food attendant employed at Defendant's Erie Island establishment located at 1012 N. County Road 260, Clyde, Ohio 43410. Plaintiff Faggionato has given his written consent to bring this action to collect unpaid wages and unlawfully retained tips under the FLSA and the Ohio Laws. Plaintiff Faggionato's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

9.	The Putative Class Members are those current and former employees employed by Defendant as fast-food attendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and have been subjected to the same illegal pay system under which Named Plaintiff worked and was paid.

10.	Defendant Applegreen USA Welcome Centers Central Services LLC ("Defendant") is a foreign for-profit limited liability company organized in the State of Delaware and registered in the State of Ohio and is currently headquartered in Glen Rock, New Jersey. Process may be served upon its registered agent, Corporation Service Company, at 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

### IV.	STATEMENT OF FACTS

11.	During all times material to this Complaint, Defendant acted directly or indirectly, in the interest of an employer with respect to the Named Plaintiff and the Putative Class Members.

12.	Named Plaintiff and those he seeks to represent in this action are current and former employees of Defendant employed as fast-food attendants who received customer tips (the "Putative Class Members").

13.	During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Laws.

14. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this Complaint, Named Plaintiff and the Putative Class Members have been Defendant's employees pursuant to the Ohio Laws and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. On approximately October 17, 2022, Defendant hired Named Plaintiff to work as a fast-food attendant at its Erie Island location, located at 1012 North County Road 260, Clyde, Ohio 43410 (the "Erie Island Location").

17. Defendant is a major petrol forecourt retailer with operations in the Republic of Ireland, the United Kingdom, and the United States of America.

18. In fact, Defendant owns and operates hundreds of service stations—stations which consist of convenience stores and motorway service areas—across the United States alone.

19. In Defendant's Erie Island Location, Defendant offers retail services through its Applegreen store (the "General Store"), as well as food services of Starbucks, Burger King, Sbarro's Pizza, and Auntie Anne's.

20. Defendant employs its fast-food attendants to work behind the counter and in the kitchen of the various food services at its service stations. It also employs its fast-food attendants to occasionally work behind the counter at the General store.

21. In working behind the counter at Defendant's General store, Named Plaintiff and the Putative Class Members are expected to handle customer retail transactions.

22. In working behind the counter at Defendant's food services, Named Plaintiff and the Putative Class Members are expected to take customers' food orders and relay them to the kitchen staff. Named Plaintiff and the Putative Class Members then hand the prepared food orders to customers upon their completion.

23. Named Plaintiff and the Putative Class Members, as fast-food attendants, can also be regularly assigned to work as kitchen staff at Defendant's food services. While working as kitchen staff, Named Plaintiff and the Putative Class Members prepare food orders and maintain the equipment and cleanliness of the food services' kitchens.

24. Defendant provides an option to paying customers for Named Plaintiff and the Putative Class Members to receive tips from said customers when named Plaintiff and the Putative Class Members are working at Defendant's food services.

25. However, Named Plaintiff and the Putative Class Members are only paid for their time worked at their respective hourly rates and are not permitted to retain the tips that customers provide directly to them.

26. Instead, it is Defendant's companywide policy and practice to retain the tips that customers provide directly to Named Plaintiff and the Putative Class Members.

27. This is Defendant's policy and practice despite the Department of Labor's regulation that tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. 29 C.F.R. § 531.52.

28. Remitting tips to Defendant is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

29. Defendant receives the benefit of these tips at the expense of Named Plaintiff and the Putative Class Members, who earn the tips through their excellent service to customers.

30. Defendant, knowingly, willfully, or with reckless disregard carried out its illegal pattern of keeping fast-food attendants' earned tips with respect to the Named Plaintiff and the Putative Class Members in this action.

## V. CAUSES OF ACTION

### COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

#### A. FLSA COVERAGE

31. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

32. The FLSA Collective is defined as:

**All current and former fast-food attendants employed by Applegreen USA Welcome Centers Central Services LLC at any of its Ohio locations at any time within the period of three (3) years preceding the commencement of this action through the date of judgment ("FLSA Collective" or "FLSA Collective Members").**

33. Named Plaintiff reserves the right to amend and refine the definition of the collective they seek to represent based upon further investigation and discovery.

34. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r), the Ohio Constitution and the Ohio Wage Act.

35. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

36. During the respective periods of Named Plaintiff's and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

37. In performing the operations hereinabove described, Named Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

38. Specifically, Named Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

39. At all times hereinafter mentioned, Named Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

40. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined above.

41. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

42. Collective action treatment of Named Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the common business practices and policies referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

43. Further, Named Plaintiffs' FLSA claims should proceed as a collective action because Named Plaintiff and the Putative FLSA Collective Members, having worked pursuant to

the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

44. Named Plaintiff and the FLSA Collective Members have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan.

45. Named Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

46. Named Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendant's records.

B. **FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

47. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

48. Named Plaintiff brings his Ohio claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All current and former fast-food attendants employed by Applegreen USA Welcome Centers Central Services LLC at any of its Ohio locations at any time within the period of two (2) years preceding the commencement of this action through the date of judgment (the "Rule 23 Class").**

49. Class action treatment of Named Plaintiff's Rule 23 Class claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure's 23 class action requisites are satisfied.

50. The Rule 23 Class, upon information and belief, includes over dozens of individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

51. Named Plaintiff is a member of the Rule 23 Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

52. Named Plaintiff and his counsel will fairly and adequately represent the Rule 23 Class members and their interests.

53. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

54. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

55. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

56. Named Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

57. Named Plaintiff and the FLSA Collective are employees entitled to the FLSA's protections.

58. Defendant is an employer covered by the FLSA.

59. The FLSA prohibits employers from keeping tips received by employees for any purposes, regardless of whether or not the employer takes a tip credit 29 U.S.C. § 203(m).

60. Defendant has violated this provision by keeping tips received by Named Plaintiff and the FLSA Collective Members.

61. Named Plaintiff and the FLSA Collective Members are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expense, pursuant to 29 U.S.C. § 216(b).

62. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## OHIO PROMPT PAY ACT-
## FAILURE TO PROMPTLY PAY WAGES

63. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

64. At all times relevant to this Complaint, Defendant was Named Plaintiff's and the Rule 23 Class's "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

65. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

66. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and the Rule 23 Class all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

67. Named Plaintiff and the Rule 23 Class's wages, in this case tips, remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

68. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT III

## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

69. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

70. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

71. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the FLSA Collective members have been injured as a result.

72. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

73. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT IV
## UNJUST ENRICHMENT

74. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

75. Named Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

76. Named Plaintiff and the Rule 23 Class are fast-food attendants paid an hourly rate plus tips they earn from customers.

77. Defendant keeps a portion—and often the entirety—of the tips earned by Named Plaintiff and the Rule 23 Class.

78. Named Plaintiff and the Rule 23 Class earn these tips and are entitled to keep them.

79. As a result, Defendant is unjustly enriched at their expense in the amount of tips it unlawfully keeps.

80. It is against equity and good conscience to permit Defendant to benefit from these tips.

81. Thus, Defendant should be required to reimburse Named Plaintiff and the Rule 23 Class in the amount of these tips.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. For an Order certifying the FLSA Collective as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying the Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C. Designating Named Plaintiff as representative for the Class and Collective and designating Named Plaintiff's counsel as counsel for the Class and Collective;

D. Issuing proper notice to the class at Defendant's expense;

E. Expectation and damages for all missed payments taken from or applied to Named Plaintiff's and the Putative Class Members' pay;

F. An order awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class back pay equal to the amount of all retained tips for three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

G. Awarding Plaintiff and the Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

H. An order enjoining Defendant from retaliating, via discrimination, against Plaintiff, the FLSA Collective Members, and the Rule 23 Class members for their engaging in the protected action of complaining about pay practices.

I. Compensatory and punitive damages under O.R.C. § 2307.60;

J. Pre-judgment and post-judgment interest;

K. A finding that Defendant has violated the FLSA and the OPPA and that Defendant has been unjustly enriched;

L. A judgment against Defendant and in favor of Named Plaintiff and the Rule 23 Class for restitution for all earned tips kept by Defendant and by which Defendant was unjustly enriched;

M. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

N. Any other relief to which the Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members may be entitled.

Dated: January 25, 2023                    Respectfully Submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jacob A. Mikalov (OH Bar No. 0102121)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
jmikalov@barkanmeizlish.com

*Counsel for Plaintiff and the Putative Class and Collective Members*

## **JURY DEMAND**

Plaintiff requests a trial by jury on all of his claims.

*/s/Robert E. DeRose*
Robert E. DeRose