## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| HUNTER FAGGIONATO, ET AL., | : | |
| | : | CIVIL ACTION NO: 3:23-cv-00151 |
| Plaintiffs, | : | |
| v. | : | Judge Jack Zouhary |
| | : | |
| APPLEGREEN USA WELCOME | : | Magistrate Judge Jonathon D. Greenberg |
| CENTERS CENTRAL SERVICES LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Named Plaintiff Hunter Faggionato and Plaintiff John Mancour on behalf of themselves and all of the plaintiffs ("Plaintiffs") and Defendant Applegreen USA Welcome Centers Central Services LLC, ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties") hereby respectfully move this Court to review the Parties' Release of All Claims & Settlement Agreement ("Settlement Agreement"), attached hereto as **Exhibit A** ("**Ex. A**"), and for an Order approving the Settlement Agreement as fair and reasonable. In support of this Motion, the Parties state as follows:

1.      Plaintiffs have commenced this action against Defendant, alleging in part that Defendant unlawfully retained tips under the Fair Labor Standards Act ("FLSA") and state-law equivalent statutes.

2.      Defendants have denied liability and wrongdoing of any kind.

3.      In an effort to reach a compromise and to avoid the expense and burden of continued litigation, the Parties have reached a settlement of all claims asserted in the pending

1

action following mediation with Magistrate Judge Jonathan Greenberg, upon referral of the Court. The terms of the settlement are embodied in the Settlement Agreement. *See* **Ex. A**.

4.      Plaintiffs' and Defendant's undersigned counsel believe that the proposed Settlement Agreement is fair and reasonable.

5.      The proposed Settlement Agreement is contingent upon the Court's review and approval of it, as well as the Court's issuance of an Order approving the Settlement Agreement as fair and reasonable.

6.      The Parties agree that bona fide disputes exist regarding Plaintiffs' wage-and-hour claims, including the amount of unpaid wages, computation of wages, and whether Defendant's policies caused class members to have their tips unlawfully retained by Defendant.

7.      The Parties stipulate and agree that the proposed Settlement Agreement: (a) is not the product of fraud or collusion; (b) is in resolution of complex and expensive litigation that is likely to be of a significant duration; (c) accounts for the potential success on the merits by Plaintiffs, as well as the defenses of the Defendant; (d) is reasonable and fair in the opinion of the Parties' counsel; and (e) is in the public's best interest to promote the early resolution of contested claims in litigation.

8.      The Parties, pursuant to Fed. Civ. R. 41(a)(1)(ii) and based upon the attached Settlement Agreement, hereby stipulate to the dismissal of this case with prejudice upon approval of the Settlement and execution of all of its terms. The Parties request that this Court retain jurisdiction to enforce the terms of the proposed Settlement Agreement.

WHEREFORE, for the foregoing reasons, the parties request that the Court review the proposed Settlement Agreement (*see* **Ex. A**) and issue an Order (*see* **Exhibit B** ("**Ex. B**")) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

The Memorandum in Support of this Motion is incorporated herein.

Dated: <mark>June xx, 2024</mark>                                                Respectfully submitted,

/s/ _____                /s/ _____ _____ __
Robert E. DeRose (0055214)                   Rebecca J. Bennett (0069566)
**Barkan Meizlish DeRose Cox, LLP**          Monica L. Lacks (0078649)
4200 Regent Street, Suite 210                **Ogletree, Deakins, Nash, Smoak &**
Columbus, Ohio 43219                         **Stewart, P.C.**
Phone: (614) 221-4221                        Key Tower
Fax: (614) 744-2300                          127 Public Square, Suite 4100
bderose@barkanmeizlish.com                   Cleveland, OH 44114
                                             Phone: (216) 241-6100
Clif Alexander, Esq. (*Admitted PHV*)        Fax: (216) 357-4733
Austin Alexander, Esq. (*Admitted PHV*)      rebecca.bennett@ogletree.com
Carter Hastings (*Admitted PHV*)             monica.lacks@ogletree.com
**Anderson Alexander, PLLC**
101 N. Shoreline Blvd.                       *Counsel for Defendant*
Suite 610
Corpus Christi, Texas 78401
Phone: (361) 452-1279
Fax: (361) 452-1284
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com


*Counsel for Plaintiffs*

## MEMORANDUM IN SUPPORT OF THE JOINT
## MOTION FOR APPROVAL OF SETTLEMENT

### I. INTRODUCTION

The Parties have reached a Settlement Agreement with respect to the above-captioned lawsuit. The settlement was achieved through extensive negotiation including mediation with Magistrate Judge Jonathan Greenberg, and is memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached as **Ex. A**. The Agreement sets forth, among other terms, the amount to be paid to Plaintiffs and their Counsel by Defendants. Under the Agreement, the Parties agreed to releases of claims and dismissal of this action with prejudice upon approval of this Motion by the Court and the Parties' full performance of their obligations set forth in the Agreement.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint with the Northern District of Ohio on January 25, 2023 naming Applegreen USA Welcome Centers Central Services LLC, as Defendant. (ECF No. 1). Defendant filed its Answer to Plaintiffs' Complaint on April 20, 2023. (ECF No. 11). Plaintiffs allege a claim to recover compensation, unlawfully retained tips, liquidated damages, penalties, interest, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §216(b). Named Plaintiff and the Putative Class Members also sought all available relief under the Ohio Prompt Pay Act ("OPPA"), O.R.C. §4113.15, O.R.C.§2307.60, and under the Ohio common law for unjust enrichment. Named Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his additional state-law claims are asserted as a class action under Fed.R.Civ.P.23. It is specifically alleged that Defendant unlawfully retained tips that were directly provided to Plaintiffs by customers because it was Defendant's

4

companywide policy to retain the tips. (ECF No. 1 at PAGEID#5 ¶ 25-26). Defendant ultimately, albeit untimely, paid the Plaintiffs their tips.

Through early discussions, the Parties agreed to stipulate to Court Supervised Notice (See ECF No. 34)  and Joint Request for Referral to Mediation. (See ECF No. 46). Defendant provided Plaintiffs' Counsel with the payroll data and the tip data for the forty-six (46) Plaintiffs who joined the lawsuit which Plaintiffs' Counsel reviewed and prepared a damages model. On June 5, 2024, the Parties had an in-person mediation conference with Magistrate Judge Greenberg and were able to reach an agreement on Plaintiffs' claims, the terms of which are memorialized in the Settlement Agreement. A true and accurate copy of the Settlement Agreement is attached as **Exhibit A** ("**Ex. A**."). Through the damages model process, fifteen (15) Plaintiffs were identified as "non-tipped" plaintiffs who subsequently voluntarily withdrew (See ECF No. 51) or were dismissed (See ECF No. 54).

As set forth in the Agreement, the remaining thirty-one (31) Plaintiffs have agreed to resolve their underlying claims for unlawfully retained tips, unpaid wages, liquidated damages, and any other claims or potential wage related claims against Defendant. In return, Defendant has agreed to pay the remaining thirty-one (31) Plaintiffs monetary consideration for the alleged damages and Plaintiffs' costs and expenses in bringing the litigation. Defendant does not admit liability and denies that Plaintiffs are entitled to any relief.

Both Parties were represented by experienced counsel during negotiations. The Settlement provides for mutual promises, and an agreement to request the Court to dismiss this action with prejudice and to approve the release of claims set forth in the Settlement.


**III.    THE PROPRIETY OF APPROVAL**

The FLSA portion of the Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA. As explained below, Court approval is warranted.

**A. The Settlement is Fair, Reasonable, and Adequate.**

"Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* However, "[t]he Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Hedglin v. Maxim Healthcare Services, Inc.*, 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016), quoting *Crawford v. Lexington-Fayette Urban County Gov.*, 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008).

The purpose of the review is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 U.S. Dist. LEXIS 58912 (N.D. Ohio June 15, 2010) quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Hedglin v. Maxim Healthcare Services*, Inc., 2016 U.S. Dist. LEXIS 148275, * 3 (N.D. Ohio Oct. 26, 2016).

The Parties' Settlement is fair, reasonable, and adequate, particularly in light of (a) the bona fide dispute that exists between the Parties on the merits of Plaintiffs' claim, and (b) the monetary consideration Plaintiffs are receiving.

**1.      A Bona Fide Dispute Between the Parties Existed Over Liability.**

Courts find there is a bona fide dispute where the parties disagree over legal issues pertinent to the FLSA claims of the plaintiffs. See, e.g., *Foster v. Residential Programs*, No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *8 (S.D. Ohio Feb. 18, 2021) (bona fide dispute where parties disagreed as to whether employees are entitled to overtime, whether the defendants' actions were willful, and whether the defendants acted in good faith); *Smith v. Tradeglobal*, LLC, No. 1:19-cv-192, 2020 U.S. Dist. LEXIS 179622, at *4 (S.D. Ohio Sept. 29, 2020).

Defendant denies Plaintiffs' tips were unlawfully retained by Defendant. (ECF No. 11 at PAGEID#61 ¶ 26). Nonetheless, Plaintiffs allege that Defendant unlawfully retained tips that were directly provided to Plaintiffs by customers because it was Defendant's companywide policy to retain the tips. (ECF No. 1 at PAGEID#6 ¶ 26). Plaintiffs also allege that Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern of keeping fast-food attendants' earned tips with respect to the named Plaintiff and the Putative Class Members in this action. (ECF No. 1 at PAGEID#6 ¶ 30). Defendant denies that any acts were willful, arguing that it acted in good faith, on reasonable grounds that it was in full compliance with the FLSA. (ECF No. 11 at PAGEID#73 ¶ 89).

The Settlement Agreement was reached only through hard-fought settlement negotiations in which the pertinent factual and legal issues in this case were fully analyzed and assessed based on the strengths and weaknesses of the claims and defenses at issue. These facts are sufficient to establish a "contested" litigation. *See Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-

tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA.").

Accordingly, the bona fide dispute between the Parties "serves as a guarantee" that the settlement is fair, reasonable, and adequate. Had this matter not been settled, costly litigation would ensue enlarging the attorney fees and costs exposure to the Defendant and potentially reducing the resources available to pay the Plaintiff. The Parties opted to negotiate a settlement prior to extensive discovery.

**2.      The Monetary Consideration Plaintiffs are Receiving is Reasonable.**

Plaintiffs are receiving forty thousand five hundred dollars and no cents (**$40,500.00**) to resolve their claims. The settlement payment, compromised of individual payments to Plaintiffs, after deduction of Plaintiffs' Counsel's attorneys' and litigation fees and expenses from the Total Settlement Amount, has been calculated by Plaintiffs' Counsel and are based proportionally on the alleged liquidated damages during the Released Period:

   a.   <u>**Plaintiffs' Individual Payment:**</u> Fifteen thousand two hundred ninety dollars and seventeen cents ($15,290.17) will be allocated to the putative class, split evenly which amounts to four hundred ninety-three dollars and twenty-three cents ($499.23) per Plaintiff for payment of all alleged liquidated damages.

   b.   <u>**Named Plaintiff Faggioanto:**</u> In addition to his Individual Payment, Named Plaintiff Faggioanto will also receive a  Representative Plaintiff Award of one thousand dollars and no cents ($1,000.00) for his efforts as Named Plaintiff.

   c.   <u>**Plaintiff Mancour:**</u> In addition to his Individual Payment, Plaintiff Mancour will also receive a Service Award of one thousand dollars one thousand dollars and no cents ($1,000.00) for his efforts in prosecuting and resolving this matter.

*See* **Ex. A**. This sum is fair, reasonable, and adequate on its face. "This ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate

share of the settlement funds." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *22 (S.D. Ohio Sep. 25, 2020). Plaintiff and Plaintiffs' Counsel believe that this Settlement is in the best interest of the Plaintiff. *See Declaration of Robert E. DeRose, Esq.*, attached as **Exhibit C** ("**Ex. C**") at ¶ 29.

The relevant *Int'l Union* factors also weigh in favor of approval. The Settlement was reached after extensive negotiations between counsel experienced in FLSA litigation, eliminating any concern that fraud or collusion exists. *Id*. After several months of ongoing negotiations, the Parties scheduled a mediation to be held on June 5, 2024. With assistance of Magistrate Judge Greenberg, and through extensive negotiations, the Parties were able to come to an agreement on a fair and equitable resolution of the Plaintiffs' disputed FLSA claims. The Settlement avoids lengthy, expensive, and uncertain litigation, which also serves the public interest. For these reasons, the Parties respectfully submit that the Settlement of Plaintiff's FLSA claims are fair, reasonable, and adequate. See, *Ford v. Carnegie Mgmt. Servs., Inc.,* No. 2:16-CV-18, 2017 WL 4390294, at *2 (S.D. Ohio Oct. 3, 2017) ("The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion.").

Regarding the Service Awards, Courts routinely approve service awards to plaintiffs in collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *18; *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service awards are meant to "compensate Plaintiffs for the services they provided and the risks they incurred during the course of the class

action litigation." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *7. Here, Faggioanto and Mancour provided substantial assistance to Plaintiff's Counsel in pursuing the rights of all Eligible Settlement Participants. (*See* **Ex. C** at ¶30). Accordingly, the Court should also approve the Service Award to Named Plaintiffs.

**B.     The Award of Attorneys' Fees is Reasonable.**

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorneys' fees and litigation costs to a prevailing employee. See 29 U.S.C. § 216(b); see also *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) ("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA."). Federal courts have long recognized the profound importance of a plaintiffs' right to recover attorney's fees under the FLSA, particularly where the victims of FLSA violations are low-wage workers whose individual damages may not be individually significant. The Sixth Circuit in *Fegley* explained the importance of the FLSA's statutory fee provision:

> The purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F.3d 1126, 1134-43 (6th Cir. 1994) (internal quotations and citations omitted) (cert. denied, 513 U.S. 875 (1994)). So integral are attorney's fees under the FLSA that the Sixth Circuit recently took the unusual step of reversing a district court's reduction of fees sought in an FLSA case and ordering judgment for the full amount of the fees sought. See

10

*Rembert*, 986 F.3d at 618.

There are two basic measures for evaluating the fairness of an attorney's fees award under the FLSA, "work done, and results achieved." *Rui He v. Rom*, 751 Fed. App'x 664, 673 (6th Cir. 2018) (quoting *Gascho v. Global Fitness Holdings*, LLC, 822 F.3d 269, 279 (6th Cir. 2016). The "work done" measure is the "lodestar" method of attorney fee calculation and the "results achieved" measure is the "percentage of the fund" method of attorney fee calculation." *Gascho* at 279. The Sixth Circuit permits a court to choose one or the other method as the court, in its discretion, deems appropriate for the circumstances of a particular case so long as the court articulates its reasons. *See Moulton v. U.S. Steel Corp*., 581 F.3d 344, 352 (6th Cir. 2009). The lodestar method yields a fee that is presumptively sufficient to achieve the objective of attracting competent counsel but avoiding a windfall for the attorneys. *See Rembert* at *4 (quoting *Perdue v. Kenny A*., 559 U.S. 542, 552 (2010).

In approving the reasonableness of attorney's fees, the relevant factors typically include: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See Moulton v. U.S. Steel Corp.,* 581 F.3d at 352.

Plaintiff's Counsel seeks an award of attorneys' fees and reimbursement for costs in the amount of **$6,995.57** in attorney fees and **$16,214.26** in expenses. Plaintiffs' counsel expended 170 hours in connection with the prosecution of Plaintiffs' claims, which amounts to $63,027.00 in attorney's fees. *See* **Ex. C** at ¶¶ 22-23. Thus, this factor favors approval. See *Dewald v. Time Warner Cable Inc.,* Nos. 16-cv-1129, 17-cv-00631, 2021 U.S. Dist. LEXIS 32459, *18 (S.D. Ohio Feb. 16, 2021) (factor favored approval where Plaintiffs Counsel's lodestar was more than

11

the amount of fee requested). In addition, expenses incurred by Plaintiff's counsel included the retention of a third-party administrator to distribute notice to the putative plaintiffs and process consent forms upon their submission.

Plaintiff's Counsel also took this case on a pure contingency basis, which favors approving the attorney's fees sought. *See* **Ex. C** at ¶ 25. *See Hebert v. Chesapeake Operating, Inc.,* No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, *5 (S.D. Ohio Sep. 20, 2019) ("counsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award."). The requested attorney fees are $56,031.63 less than what Plaintiffs' Counsel incurred and represent an 89% loss. *See* **Ex. C** at ¶ 27. Based on the efforts expended by Plaintiff's Counsel and the exceptional results achieved warrant granting Plaintiffs' Counsels' request. See *Kritzer v. Safelite Sols.,* LLC, 2012 Dist. LEXIS 74994, at *29 (Granting the same Plaintiffs' Counsel 52% of the settlement based on the amount of work performed and the exceptional result achieved for the class.)

IV.    **CONCLUSION**

The Parties jointly submit that the Settlement is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of the Plaintiffs' claims.

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment submitted herewith.

Dated: June 24, 2024                         Respectfully submitted,

_/s/Robert E. DeRose_
Robert E. DeRose (0055214)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614) 221-4221
Fax: (614) 744-2300
bderose@barkanmeizlish.com

Clif Alexander, Esq. (_Admitted PHV_)
Austin Alexander, Esq. (_Admitted PHV_)
Carter Hastings (_Admitted PHV_)
**Anderson Alexander, PLLC**
101 N. Shoreline Blvd.
Suite 610
Corpus Christi, Texas 78401
Phone: (361) 452-1279
Fax: (361) 452-1284
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

_Counsel for Plaintiffs_

_/s/Monica L. Lacks_ _____ __
Rebecca J. Bennett (0069566)
Monica L. Lacks (0078649)
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
Phone: (216) 241-6100
Fax: (216) 357-4733
rebecca.bennett@ogletree.com
monica.lacks@ogletree.com

_Counsel for Defendant_

## CERTIFICATE OF SERVICE

A copy of _Joint Motion to Approve Settlement Agreement_ was filed electronically with the Court on June 24, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

_/s/Robert E. DeRose_
Robert E. DeRose (0055214)

13