IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Hunter Faggionato,<br>*on behalf of himself and all other*<br>*similarly situated individuals* | Case No. 3:23 CV 151<br><br>ORDER APPROVING FLSA<br><u>COLLECTIVE ACTION SETTLEMENT</u> |
| Plaintiffs, | JUDGE JACK ZOUHARY |
| -vs- | |
| Applegreen USA Welcome Centers<br>Central Services LLC Auctions, Inc., | |
| Defendant. | |

Plaintiffs Hunter Faggionato and John Mancour ("Plaintiffs"), and Defendant Applegreen USA Welcome Centers Central Services LLC, ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), move this Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Parties request this Court approve the requested FLSA collective action settlement (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit A (Doc. 55-1) to the Joint Motion for Approval of FLSA Collective Action Settlement (Doc. 55), and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Joint Motion and the Declaration of Robert E. DeRose (Docs. 55, 55-3), and the filings in this case (the "Action"), and for good cause shown, this Court approves settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. Plaintiffs filed this Action, asserting claims against Defendant individually and on behalf of others similarly situated under the FLSA. Specifically, Plaintiffs alleged that Defendant unlawfully retained tips that were directly provided to Plaintiffs by customers because it was Defendant's companywide policy to retain the tips. Further, it is alleged that Defendant receives the benefit of these tips at the expense of Named Plaintiffs and the Putative Class members, who earn the tips through their excellent service to customers. Plaintiffs allege that Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern of keeping fast-food attendants' earned tips with respect to the named Plaintiff and the Putative Class Members in this action. The Parties engaged in negotiations to settle the Action. After exchanging several settlement proposals, the Parties reached a settlement, the terms of which are set forth in the Agreement.

3. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution to Claimants as outlined in the Agreement.

4. Settlement of FLSA claims is subject to approval by this Court.

5. The Agreement was achieved after arm's length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

6. Accordingly, this Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement. For purposes of this Order, this Court further incorporates by reference the terms and definitions as set forth in the Agreement.

7. This Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

8. This Court finds that Plaintiffs' attorney fees and expenses are reasonable, and therefore approves the payment of those fees and expenses as provided in the Agreement.

9. This Court orders that payments of Plaintiffs' damages, attorney fees and costs, distributions to Claimants, and settlement administration costs, be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. This Court dismisses, with prejudice, the claims of the Plaintiff, individually and on behalf of the Claimants, as provided in the Agreement.

11. This Court finds there is no just reason for delay and directs the Clerk of the Court to promptly enter this Order approving the FLSA Settlement.

12. This Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 3, 2024